UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| LADELLA FRANCE | ) | |
| | ) | |
| V. | ) | No. 2:13-CV-198 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security | ) | |

REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge under the standing orders of the Court for a report and recommendation regarding the Motion [Doc. 21] for an award of attorneys fees to the plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U. S.C. § 2412(d)(1)(A). The defendant does not oppose the Motion.

The plaintiff's case was recently remanded by the District Judge to the defendant for further administrative review. While this fact makes plaintiff entitled to fees under the EAJA, attorney fees under the Social Security Act itself can only be awarded if the plaintiff is ultimately awarded benefits. Should the plaintiff be awarded past due benefits, counsel will be required to refund whichever fee is smaller; either the fee under the EAJA, or the fee under the Social Security Act.

In order to be entitled to an award of attorney fees and expenses under the Equal Access to Justice Act, all of the conditions set forth in 28 U.S.C. § 2412(d)(1)(A), (B) must be met. These are that:

(1) the party seeking the fees is the "prevailing party" in a civil action brought by or against the U.S.,

(2) an application for such fees, including an itemized justification for the amount

requested, is timely filed within 30 days of final judgment in the action,

(3) the position of the government is not substantially justified and

(4) no special circumstances make an award unjust.

The Magistrate Judge finds that all of these factors are met in this case.

An affidavit of the hours expended by plaintiff's counsel has been submitted. The undersigned finds the requested fee to be reasonable. No request was made for an award of expenses or costs.

It is recommended that the plaintiff's Motion be GRANTED, and that plaintiff be awarded EAJA fees in the amount of $3,066.30. It is further recommended that, as agreed by the Commissioner in her response, that the fees be paid directly to the attorney as assignee of the plaintiff, ***provided that the plaintiff owes no debt to the government of the United States which may be subject to the Treasury Offset Program.***[1]

                                                Respectfully recommended:

                                                s/ Dennis H. Inman
                                                United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).